IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **EFREN GARZA, SARA GARZA, AND PIZZA ALLEY, INC. d/b/a HOME AWAY FROM HOME ADULT DAY CARE** | § § § § | |
| *Plaintiffs,* | § § | |
| VS. | § § | C.A. NO. 7:17-cv-00308 |
| **HUDSON SPECIALTY INSURANCE COMPANY** | § § § § | |
| *Defendant.* | § § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs Efren Garza, Sara Garza, and Pizza Alley, Inc. d/b/a Home Away From Home Adult Day Care file this First Amended Complaint against Defendant Hudson Specialty Insurance Company.

### A. PARTIES

1. Plaintiffs Efren Garza and Sara Garza are individuals who are citizens of the State of Texas.

2. Plaintiff Pizza Alley, Inc. d/b/a Home Away From Home Adult Day Care ("Plaintiff") is a corporation that owns commercial property in Hidalgo County, Texas at 1808 E. Expressway 83, Penitas, Texas 78576.

3. Defendant, Hudson Specialty Insurance Company ("Hudson"), is a foreign surplus lines insurance company eligible to conduct business in Texas that does not maintain a registered agent in Texas. Defendant has already appeared and answered in this lawsuit.

### B. JURISDICTION

4. This case was originally filed in State District Court: Cause No. C-2901-17-F in

Hidalgo County, Texas.

5. Hudson removed this case to this Court on the basis that it has jurisdiction over this lawsuit.

## C. VENUE

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## D. CONDITIONS PRECEDENT

7. All conditions precedent to recovery have been performed, waived, or have occurred.

## E. AGENCY AND *RESPONDEAT SUPERIOR*

8. Whenever in this complaint it is alleged that HUDSON did any act or omission, it is meant that HUDSON itself or its agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of HUDSON or done in the normal routine, course and scope of the agency or employment of HUDSON or its agents, officers, servants, employees, or representatives.

## F. FACTUAL BACKGROUND

9. Plaintiff Pizza Alley, Inc. d/b/a Home Away From Home Adult Day Care is the owner of Texas Insurance Policy No. HBD10007703 (hereinafter referred to as "the Policy"), which was issued by HUDSON.

10. Plaintiff Pizza Alley, Inc. d/b/a Home Away From Home Adult Day Care owns the insured commercial property specifically located at 1808 E. Expressway 83, Penitas, Hidalgo County, Texas 78576 (hereinafter referred to as "the Property").

11. Defendant HUDSON sold the Policy insuring the Property to Plaintiff Pizza

Alley, Inc.

12. On or about March 26, 2015, a severe hailstorm and/or windstorm struck Hidalgo County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's Property ("the Storm"). Specifically, Plaintiff's roof sustained extensive damage during the Storm. Water intrusion through the roof caused extensive damage throughout the interior of the Property including, but not limited to, the interior ceilings, walls, and flooring of the Property. Plaintiff's Property also sustained exterior damage during the Storm.

13. After the Storm, Plaintiff filed a claim with their insurance company, HUDSON, for the damages to the Property caused by the Storm.

14. Plaintiff submitted a claim to HUDSON against the Policy for Roof Damage, Structural Damage, Water Damage, and Windstorm and Hail Damage the Property sustained as a result of the Storm.

15. Plaintiff requested that HUDSON cover the cost of repairs to the Property pursuant to the Policy, including but not limited to: repair and/or replacement of the roof and repair of the interior and exterior damages to the Property.

16. Defendant HUDSON assigned and an adjuster to adjust this claim. HUDSON'S adjuster was improperly trained and failed to perform a thorough investigation of Plaintiff's Hail and Wind Damage Property claim and intentionally, knowingly and deceptively, with malice, set out to deny all or a portion of the Plaintiff's Hail and Wind Damage Property claim by engaging in false, misleading, deceptive and fraudulent acts and practices of omission and commission which ultimately resulted in Plaintiff being denied the benefit of the bargain and loss payments due under the terms and conditions of the Policy of Insurance issued by HUDSON.

17. HUDSON and its adjuster's adjustment of the claim fraudulently, wrongfully,

deceptively and negligently denied portions of the claim and undervalued the cost of repair and/or replacement of covered items of damage to the insured Property in the claim report, which resulted in Plaintiff receiving insufficient funds from HUDSON to cover the losses sustained by Plaintiff to repair and/or replace the insured Property damaged by the Storm, excluding the amounts of the deductible and non-recoverable depreciation assessed pursuant to the terms and conditions of the Policy for which Plaintiff was responsible.

18. As a result thereof Plaintiff received a letter from HUDSON in which it advised that based on HUDSON'S adjuster's report the damage could not be covered and HUDSON would not be able to compensate Plaintiff for any damages or repairs incurred.

19. HUDSON and its adjuster, wrongfully denied Plaintiff's claim for repairs of the insured Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

20. Based upon information and belief, HUDSON'S adjuster was compensated on a per claim adjusted basis and/or other combination of compensation tied to the quantity of claims adjusted. HUDSON'S adjuster was therefore motivated to conduct an inadequate and substandard claim investigation of Plaintiff's Hail and Wind damage loss to Plaintiff's Property resulting from the Storm in order to increase the number of claims adjusted by him for his personal pecuniary benefit, as indicated below in sub-paragraphs (a) thru (g). HUDSON'S adjuster was negligent in violating HUDSON'S written policies as they relate to claims handling practices by failing to fully investigate and document all damage to Plaintiff's insured Property and by failing to fully investigate and evaluate the Plaintiff's insured loss based upon local replacement and/or repair costs for each item of damage, as indicated below in sub-paragraphs (a) thru (g). Additionally, based upon information and belief and the acts and practices actually

employed by HUDSON'S adjuster, HUDSON'S adjuster held a personal bias in favor of insurance companies and prejudice against insurance claimants generally, and more specifically towards Plaintiff herein as specifically demonstrated below in sub-paragraphs (a) thru (b). HUDSON'S adjuster, intentionally, knowingly and fraudulently, with malice, engaged in the following specified acts and practices, among others stated herein, in violation of and in breach of the adjuster's moral, ethical and legal duties to Plaintiff as a licensed claims adjuster, which was a producing and proximate cause of the damages and losses sustained herein by Plaintiff resulting in the denial and/or underpayment of Plaintiff's claim; to wit:

    a)    HUDSON'S adjuster's investigation and inspection for damages to the Plaintiff's Property was performed in an insufficient time period to perform an adequate assessment of the damage to the Property resulting from the Storm;

    b)    HUDSON'S adjuster failed to and/or refused to properly interview the Plaintiff to ascertain other damages that were not readily apparent or would not be readily apparent to an individual unfamiliar with the Property in its pre-Storm condition;

    c)    HUDSON'S adjuster refused to and did not inspect for hidden or latent damage resulting to Plaintiff's Property that is customarily found to exist on property that has gone through a hail and wind storm of the severity of that which occurred in Hidalgo County on March 26, 2015;

    d)    HUDSON'S adjuster failed and refused to include the usual and customary charges for costs of materials, supplies, labor and contractor's overhead and profit charged by contractors in the Hidalgo County area for

the repair, replacement and restoration of the Plaintiff's Property damaged by the Storm;

e) HUDSON'S adjuster performed only a cursory inspection of the roof, exterior, and interior refusing to inspect all of the damage to the insured Property; and failed to assess, estimate and include all covered damage to the Property in the report and adjustment of loss to HUDSON for exterior and interior water damages and/or note other damages existing to the Property at the time of inspection such as ceilings and walls that were sustained as a result of the Storm;

f) HUDSON'S adjuster, during his investigation of the Plaintiff's claim, failed to include all damages sustained to the Property by the Storm, thus submitting an inaccurate and false report of Plaintiff's covered Storm Property losses to HUDSON;

g) HUDSON'S adjuster fraudulently represented to Plaintiff verbally and by conduct, in preparing an inadequate, incomplete and undervalued estimate of the cost of replacement and/or repair of Storm damage to Plaintiff's Property, that the majority of the damages to the Property were not severe or Storm related; and that most, if not all, of the covered damages found to exist upon observation of Plaintiff's Property, were not covered by the Policy, but were due to normal wear and tear or the result of other causes, when in fact such damage was Storm related and should have been included in the adjuster's report to HUDSON.

21. Defendant HUDSON failed to thoroughly review the fraudulent and inaccurate

assessment of the claim by its adjuster, and ultimately approved its adjuster's inaccurate report of the damages to the Property.

22. The mishandling of Plaintiff's claim has also caused a delay in the ability to fully repair the Property. To date, Plaintiff has yet to receive the full payment to which it is entitled under the Policy and has not been able to fully repair or replace the damage to the insured Property.

23. HUDSON, in hiring adjusters and claims representatives, was responsible to and had a legal duty to ensure that it hired and retained competent, qualified and ethical licensed adjusters and claims representatives who would deal fairly, honestly and in good faith with the policy holders of HUDSON in the practice of insurance claims handling. HUDSON breached such duties in connection with Plaintiff's Property Damage Claim resulting from the Storm by failing to properly train, direct and oversee the claims handling practices employed by its adjuster.

24. At all times material herein, HUDSON had a non-delegable contractual legal duty to timely, fairly and in good faith fully investigate, process, adjust, timely pay and re-adjust claims for all covered losses sustained by its policy holders as a result of the Storm, including Plaintiff. HUDSON represented that it would do so in advertising mediums throughout the State of Texas and specifically in writing to its policy holders as an inducement for them to purchase and continue to renew homeowners and business property insurance with HUDSON. Due to a lack of knowledge and understanding of the insurance claims handling process, knowledge of construction costs and insurance policy coverage issues relating to storm related property losses, Plaintiff relied on such representations to its detriment, purchased the Policy from HUDSON and accepted the estimate of damages from HUDSON and its adjuster which, unknown to Plaintiff,

included denial and underpayment of covered losses and damages sustained in the Storm. HUDSON made such representations knowing they were false and with the intent that Plaintiff rely on such representations. HUDSON, having breached its legal duty to timely, fairly and in good faith investigate, process, adjust and pay for all covered losses sustained by Plaintiff herein, is responsible for the acts of omission and commission set forth herein and above in connection with its adjuster's investigation and claims handling practices employed to deny and/or underpay the covered losses and damages sustained by Plaintiff as a result of the Storm.

25. HUDSON distributed training, educational, and instructional materials to the field claim representatives and adjusters; held meetings and issued directives to the field instructing how HUDSON wanted the hail losses like Plaintiff's to be handled. HUDSON communicated and disseminated claims handling practices and methodologies to its field adjusters of 1) "Quantity over Quality", 2) Minimization of damage estimates, 3) Under-valuation of reported replacement and/or repair estimates, and 4) Omission of probable covered damages in the report to the Property from the Storm. These policies served to fuel and motivate HUDSON'S adjuster's individual pre-disposition of bias in favor of insurance companies and prejudice towards claimants and the resulting losses sustained by Plaintiff as set forth herein.

26. HUDSON and its adjuster conducted a substandard and incomplete inspection of Plaintiff's Property. Plaintiff's damages were noted in an inaccurate report and/or estimate of Plaintiff's Storm damages, which failed to include many of the damages noted upon inspection and grossly underestimated and undervalued those damages that were included.

27. HUDSON failed to thoroughly review the assessment of the claim by its adjuster and ultimately approved its adjuster's inaccurate report of the damages. As a result, Plaintiff was considerably underpaid on its claim and has suffered damages.

28. HUDSON set out to deny and/or underpay properly covered damages. As a result of HUDSON'S and its adjuster's unreasonable investigation, including the under-scoping and incomplete inspection of Plaintiff's Storm damages during the investigation(s) and failure to provide full coverage for the damages sustained by Plaintiff, Plaintiff's claim was improperly adjusted, and Plaintiff was denied adequate and sufficient payment to repair the Property and it has suffered damages.

29. HUDSON'S adjuster intentionally, knowingly and as directed by HUDSON, conducted a substandard investigation of Plaintiff's claim with the intent to underpay or deny all or a portion of the claim for the benefit of HUDSON, which resulted in losses and damages to Plaintiff's Property. This practice of wrongfully denying and/or underpaying claims of HUDSON policy holders for covered losses sustained by them in the Storm by refusing to fully inspect the Property for damage, misrepresenting coverage, the scope of coverage and loss, under-estimating repair costs, denying claims for covered losses underpaying covered losses of its insured policy holders, was specifically employed by HUDSON and its adjuster in connection with the handling of the claim for damages and losses sustained by Plaintiff as a result of the Storm.

30. HUDSON'S adjuster, engaged in a claims processing handling practice designed by HUDSON to reduce the overall loss payments HUDSON was obligated contractually to pay policyholders as a whole in the Hidalgo County area for the covered losses resulting from the Storm. HUDSON directed its adjusters and claim representatives to misrepresent coverage, the scope of coverage and loss, under-estimate repair costs, deny claims for covered losses, underpay covered losses of its insured policy holders, refuse to inspect portions of the properties damaged, and claim that damage to the property found to exist was due to normal wear and tear or was the

result of other causes that pre-existed the Storm as a basis for not including those damages in the report. Plaintiff's claim, as demonstrated herein, is typical of the deceptive acts and practices and unfair claims settlement practices intentionally and knowingly employed by HUDSON and its adjuster in connection with the handling of Plaintiff's claim.

31. As detailed in the paragraphs below, Defendant HUDSON wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Defendant HUDSON underpaid some of the Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

32. To date, HUDSON continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to their Property.

33. Defendant HUDSON failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant HUDSON'S conduct constitutes a breach of the insurance contract between HUDSON and Plaintiff.

34. HUDSON misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. HUDSON'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §§541.060(a)(1).

35. HUDSON failed to make an attempt to settle Plaintiff's claim in a fair manner, although it as aware of its liability to Plaintiff under the Policy. HUDSON'S conduct constitutes

a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

36. HUDSON failed to explain to Plaintiff the reasons for the denial. Specifically, HUDSON failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, HUDSON did not communicate that any future settlements of payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. HUDSON'S conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices, TEX. INS. CODE §541.060(a)(3).

37. HUDSON failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from HUDSON. HUDSON'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

38. HUDSON refused to fully compensate Plaintiff, under the terms of the Policy, even though HUDSON failed to conduct a reasonable investigation. Specifically, HUDSON performed an incomplete and outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. HUDSON'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

39. HUDSON failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the

statutorily mandated time of receiving notice of Plaintiff's claim. HUDSON'S conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

40. HUDSON failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. HUDSON'S conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

41. HUDSON failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim. HUDSON'S conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

42. From and after the time Plaintiff's claim was presented to Defendant HUDSON, the liability of HUDSON to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, HUDSON has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. HUDSON'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

43. HUDSON knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

44. As a result of HUDSON'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing it with respect to

these causes of action.

## G. CAUSES OF ACTION AGAINST DEFENDANT
## HUDSON SPECIALTY INSURANCE COMPANY

45. Plaintiff repleads all of the material allegations above set forth in Paragraphs 1-48 and incorporate the same herein by this reference as if here set forth in full.

46. Plaintiff is not making any claims for relief under federal law.

47. Defendant HUDSON is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, intentional breach of the common law duty of good faith and fair dealing, and fraud.

## BREACH OF CONTRACT

48. Plaintiff repleads all of the material allegations above set forth in Paragraphs 1-51 and incorporate the same herein by this reference as if here set forth in full.

49. HUDSON'S conduct constitutes a breach of the insurance contract made between HUDSON and Plaintiff.

50. HUDSON'S failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of HUDSON'S insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

51. Plaintiff repleads all of the material allegations above set forth in Paragraphs 1-54 and incorporate the same herein by this reference as if here set forth in full.

52. HUDSON'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

53. HUDSON'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

54. HUDSON'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though HUDSON'S liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

55. HUDSON'S unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its denial of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

56. HUDSON'S unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

57. HUDSON'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(A)(7).

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**THE PROMPT PAYMENT OF CLAIMS**

58. Plaintiff repleads all of the material allegations above set forth in Paragraphs 1-61 and incorporate the same herein by this reference as if here set forth in full.

59. HUDSON'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

60. HUDSON'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

61. HUDSON'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

62. HUDSON'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

**RESPONSIBILITY FOR ACTS OF AGENTS AND RATIFICATION OF ACTS**

63. HUDSON'S adjuster, whose conduct is referenced herein and above, is an agent of HUDSON based upon his acts of commission and omission in the handling of Plaintiff's claim, including inspections, adjustments, and aiding in the adjustment of the loss for or on behalf of the insurer. TEX. INS. CODE **§**4001.051.

64. Separately, and/or in the alternative, as referenced and described above,

HUDSON ratified the actions and conduct of its adjuster including the manner in which he discharged or failed to properly discharge his duties under the common law and applicable statutory laws and regulations.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

65. Plaintiff repleads all of the material allegations above set forth in Paragraphs 1-68 and incorporate the same herein by this reference as if here set forth in full.

66. HUDSON'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

67. HUDSON'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, HUDSON knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## FRAUD

68. Plaintiff repleads all of the material allegations above set forth in Paragraphs 1-71 and incorporate the same herein by this reference as if here set forth in full.

69. HUDSON is liable to Plaintiff for common law fraud.

70. HUDSON represented in its Policy that covered Hail and Wind Damages would be insured against loss. Plaintiff, to its detriment, purchased HUDSON'S policy in exchange for a benefit HUDSON knew the Plaintiff would not receive. Plaintiff further relied toitsdetriment upon the false, fraudulent and deceptive acts and practices employed by HUDSON and its adjuster, in performing an inspection, investigation and evaluation of Plaintiff's Storm damages. Plaintiff is not knowledgeable in the manner and scope required to investigate a storm related loss, nor knowledgeable in insurance loss coverage issues. HUDSON, based upon its

experience, special knowledge of storm related structural loss issues and insurance coverage issues were able to deceive Plaintiff into believing that the property damage loss would be competently investigated by a qualified, ethical and experienced adjustor and that the loss would be properly, fairly and in good faith evaluated and assessed and the claim paid. Plaintiff was unaware that all such representations and conduct relating to the investigation and handling of the claim were performed with the intent and purpose to defraud, take advantage of and deny and/or undervalue the Property losses sustained by Plaintiff. Plaintiff relied to its detriment on such actions and representations resulting in the losses and damages complained of herein. Plaintiff has been unable to repair the Storm damages and/or make temporary repairs using Plaintiff's own limited funds, prolonging Plaintiff's hardship of owning storm damaged property. HUDSON knew at the time the above misrepresentations and fraudulent conduct occurred that the representations contained in the estimate of loss and communicated to Plaintiff were false. Each and every one of the representations and deceptive acts and practices, as described above, and those stated in this paragraph, concerned representations and falsehoods concerning material facts for the reason that absent such representations, Plaintiff would not have acted as it did, and which HUDSON knew were false or made recklessly without any knowledge of its truth as a positive assertion.

71. The statements were made with the intention that they should be acted and relied upon by Plaintiff, who in turn acted in reliance upon such statements and actions, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### H. KNOWLEDGE

72. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's

damages described herein.

## I. DAMAGES

73. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

74. As previously mentioned, the damages caused by the March 26, 2015 hailstorm and/or windstorm have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of HUDSON'S mishandling of Plaintiff's claim in violation of the laws set forth above. Such damages are in excess of the jurisdictional minimum of this Court.

75. For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claim, together with attorney's fees.

76. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff ask for three times its actual damages. TEX. INS. CODE §541.152.

77. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

78. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach

of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

79. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

80. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## J. RESERVATION OF RIGHTS

81. Plaintiff reserves the right to prove the amount of damages at trial. Plaintiff reserves the right to amend its petition to add additional counts upon further discovery and as its investigation continues.

## K. JURY DEMAND

82. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues so triable.

## L. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sum as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all

costs of Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it is justly entitled to, provided Plaintiff seeks a final judgment, exclusive of interest and costs, not to exceed $75,000.

          Respectfully submitted,

          **PHIPPS, LLP**

          THE PHIPPS
          102 9th Street
          San Antonio, Texas 78215
          Telephone: (210) 340-9877
          Telecopier: (210) 340-9887
          Email: gortiz@phippsllp.com
          Email: rsoliz@phippsllp.com

          BY: /s/ J. Gabriel Ortiz
            MARTIN J. PHIPPS
            State Bar No. 00791444
            J. GABRIEL ORTIZ
            State Bar No. 24085512

         **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

  This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Texas Rules of Civil Procedure on this __ day of November 2017:

***VIA E-SERVICE*:**
Ken E. Kendrick
Steve E. Couch
KELLY, SUTTER & KENDRICK, P.C.
3050 Post Oak Blvd., Suite 200
Houston, Texas 77056

          /s/ J. Gabriel Ortiz
          J. GABRIEL ORTIZ